OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause and supporting papers, the plaintiff moves for an order, pursuant to Public Health Law § 4138 changing the birth certificate of Nicole Marie Santor to show that John Collins, Jr. is her father, and that her name is Nicole Marie Collins, an order requiring the Board of Health of the State of New York to issue such a birth certificate, and an order requiring the defendant to refer to the child as Nicole Marie Collins. The motion is opposed by affidavit, subscribed on November 20, 1984.
The infant was born out of wedlock on March 9, 1982. Subsequently, the plaintiff and defendant married, and then separated. The defendant filed a petition in Family Court for support. A blood test indicated that the plaintiff is the father, and both parties stipulated that the plaintiff is the father. If the issue was still in doubt, on January 16, 1984, the Honorable G. Douglas Griset, Family Court Judge, adjudicated the plaintiff to be the natural father.
Pursuant to Public Health Law § 4138 (1) (a), (b):
“1. A new certificate of birth shall be made whenever:
*523 “(a) proof is submitted to the commissioner that the previously unwed parents of a person have intermarried subsequent to the birth of such person; or,
“(b) notification is received by, or proper proof is submitted to, the commissioner from or by the clerk of a court of competent jurisdiction or the parents, or their attorneys, or the person himself, of a judgment, order or decree relating to the parentage”.
The defendant does not object to the motion on procedural grounds. Her only objections to the issuance of the new certificate, that the change would be traumatic to her almost three-year-old daughter, that the plaintiff could have sought a change in the past, and that the plaintiff is merely trying to aggravate the defendant, are not reasons for denying the issuance if all statutory prerequisites have been met. In the court’s opinion, the prerequisites of the statute have clearly been met and a new birth certificate should be issued showing the plaintiff to be the father, and changing the child’s name in the certificate to Nicole Marie Collins.
Finally, the court declines to order the defendant to refer to the infant by the name Nicole Marie Collins. How she refers to her daughter is the prerogative of the defendant. Even if the court was persuaded to grant the relief, monitoring of the order would be virtually impossible.
Accordingly, the motion is, in part, granted, and, in part, denied.